IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERIX PHARMACEUTICAL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:11-cv-03318 |
| ) | |
| v. ) | Judge: Hon. Matthew F. Kennelly |
| ) | Magistrate: Hon. Sidney Schenkier |
| CLINICAL SUPPLIES MANAGEMENT, INC.; ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF CSM'S BILL OF COSTS**

Defendant Clinical Supplies Management, Inc. ("CSM") submits this memorandum in support of its Bill of Costs:

**INTRODUCTION**

On September 22, 2014, this Court entered judgment on the jury's verdict in favor of CSM on all of plaintiff Merix Pharmaceutical Corporation's claims. (Doc. # 457). As the prevailing party, CSM is entitled to recover $63,175.63 in costs from Merix pursuant Fed. R. Civ. P. 54(d), Local Rule 54.1 and 28 U.S.C. § 1920.

**STANDARD OF LAW**

Fed. R. Civ. P. 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Costs recoverable by a prevailing party include (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; and (5) docket fees. 28 U.S.C. § 1920.

Rule 54(d)(1) creates a strong presumption that the prevailing party may recover its costs, and the district court's discretion in reviewing those costs is narrowly confined. *Contreras v.*

*City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997). In reviewing a prevailing party's bill of costs, "[a] district court simply needs to determine that expenses are allowable cost items, and that the amounts are reasonable and necessary." *Deimer v. Cincinnati Sub-Zero Prod., Inc*., 58 F.3d 341, 345 (7th Cir. 1995).

A detailed itemization of certain costs incurred by CSM in defending against Merix's claims is attached as Exhibit A, along with a supporting Affidavit of CSM's counsel, Adam Jagadich, attached as Exhibit B. For the reasons detailed below, the $63,175.63 in costs for which CSM seeks recovery are taxable against Merix pursuant to Fed. R. Civ. P. 54(d), Local Rule 54.1 and 28 U.S.C. § 1920.

**ARGUMENT**

**A. Costs for Deposition Transcripts ($19,928.17):**

As the prevailing party, CSM is entitled to recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In evaluating whether costs incurred for a deposition are recoverable, "[t]he proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." *Cengr v. Fusibond Piping Sys., Inc*., 135 F.3d 445, 455 (7th Cir. 1998). Here, CSM seeks to recover costs it incurred for transcripts of nineteen depositions.

Ten of the nineteen depositions taken in this case were arranged by Merix.[1] CSM is entitled to recover the <u>full cost</u> of obtaining copies of those transcripts because Merix arranged the depositions and selected the court reporters. See *Chi. Bd. Options Exch., Inc. v. Intl. Sec. Exch., LLC*, 2014 WL 125937, at *2 (N.D. Ill. 2014) citing *Engate, Inc. v. Esquire Deposition*

---

[1] Merix arranged the depositions of the following ten witnesses: Angela Buchanan, Vicki Clauson, Gerald Finken, Maxine Fritz, Martin Jeiven, Jennifer Lauinger, Richard Manning, Jessica Mather, Brian Moe, and Lawrence Weinstein.

2

*Servs. LLC,* 2006 WL 695650, at *3 (N.D.Ill. Mar. 13, 2006) (permitting prevailing party to recover full cost of obtaining deposition transcript copies where losing party arranged for depositions) and *Haroco, Inc. v. Am. Nat. Bank & Trust,* 38 F.3d 1429, 1441 (7th Cir. 1994)(same).

CSM also seeks to recover costs for transcripts from the nine depositions arranged by CSM. Three of those depositions involved Merix executives, Meryl Squires and Dori Squires, both of whom later testified live at trial in Merix's case-in-chief.[2] Five of those depositions involved expert witnesses Merix disclosed pursuant to Fed. R. Civ. P. 26(a)(2)[3] and one (Stephen Purdy) involved a fact witness Merix disclosed pursuant to Fed. R. Civ. P. 26(a)(1). Merix cannot credibly contend that it was unreasonable or unnecessary for CSM to have taken the depositions of witnesses disclosed by Merix pursuant to Fed. R. Civ. P. 26(a). See *Rawal v. United Air Lines, Inc.*, 2012 WL 581146, at *1 (N.D. Ill. 2012) quoting *EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) ("[t]axation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [prevailing party] might need the deposition transcripts to cross-examine the witnesses, and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery.").

With respect to the transcripts from the nine depositions arranged by CSM, CSM does not seek to recover costs that exceed the rates established by the Judicial Conference of the United States. See Local Rule 54.1(b)("the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States."). As

---

[2] Meryl Squires and Dori Squires were each deposed in their individual capacities and as designees of Merix Pharmaceutical Corporation, pursuant to Fed. R. Civ. P. 30(b)(6).

[3] CSM arranged the depositions of the following expert witnesses disclosed by Merix: Jonathan Lichter, Leonard Valenti, James Walters (deposed twice; once for rebuttal) and Russell Wilson.

detailed in the attached Itemization of Costs and supporting Affidavit, Exhibits A and B, CSM has reduced the cost of each such transcript to assure that they do not exceed the amounts allowed for depositions by the Judicial Conference—i.e., $3.65 per page for originals, $0.90 per page for copies, and $1.00 per page for exhibits.[4]

### B. Costs for Video Recordings of Depositions ($4,736.38):

Under certain circumstances, a prevailing party may be entitled to recover costs associated with the videotaping of a deposition in addition to the costs associated with a written transcript. *Little v. Mitsubishi Motors N.A.*, 514 F.3d 699, 702 (7th Cir. 2008). For example, "[v]ideo recording costs are taxable for witnesses who may not be available at trial." *Specht v. Google, Inc*., 2565666, at *2 (N.D. Ill. 2011). A prevailing party is also entitled to recover costs for video recording where the other party arranged for the deposition to be taken by video:

> Nine of the depositions for which [the defendant] seeks video costs were noticed and taken by [the plaintiff]. [Plaintiff] is the party that decided to video tape these depositions and bore the lion's share of the expense. For these nine depositions, [the defendant] is only seeking the costs incurred to receive a copy of the video tape. <u>Knowing that its opponent possessed video tapes of these depositions, it was reasonable and necessary for [the defendant] to obtain copies. In such a hotly contested case, [the defendant] would have been ill-advised not to do so</u>.

*Top Tobacco, L.P. v. N. Atl. Operating Co*., 2007 WL 1149220, at *7 (N.D. Ill. 2007); *Chi. Bd. Options Exch., Inc. v. Intl. Sec. Exch., LLC,* 2014 WL 125937 at *4 (N.D. Ill. 2014).

Like the prevailing defendant in *Top Tobacco, L.P.*, CSM is entitled to recover the full costs it incurred for copies of DVDs from the ten depositions Merix arranged to be taken by video.[5] CSM is also entitled to recover the costs associated with videotaping the deposition of

---

[4] See http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm

[5] Merix arranged the following ten videotaped depositions: Angela Buchanan, Vicki Clauson, Gerald Finken, Maxine Fritz, Martin Jeiven, Jennifer Lauinger, Richard Manning, Jessica Mather, Brian Moe, and Lawrence Weinstein.

Stephen Purdy, a resident of Pennsylvania, since he is beyond the subpoena power of this Court and "unavailable" to testify at trial. *Nat'l Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.*, 2004 WL 1557765, at *2 (N.D. Ill. 2004)(it was reasonable for the prevailing party to have videotaped the deposition of a witness beyond the court's subpoena power).

### C. Costs for Pretrial Conference Transcripts ($790.55):

The costs CSM incurred for transcripts of the pretrial conference are taxable against Merix because those transcripts were necessary to document the Court's rulings on the parties' motions *in limine*, proposed jury instructions, witness lists, exhibit lists and other pretrial matters. See *Allen v. City of Chicago*, 2013 WL 1966363, at *3 (N.D. Ill. 2013) ("The costs incurred for the pretrial conference transcripts are reasonable; the court issued a series of oral rulings on motions *in limine*, jury instructions, exhibit and witness lists, and other pretrial matters, making it reasonably necessary for the City to obtain these transcripts to prepare effectively for trial."); *Serwatka v. City of Chicago*, 2011 WL 2038725, at *3 (N.D. Ill. 2011) (allowing for recovery of pretrial conference transcript where it was reasonably necessary to prepare for trial); *Marcus & Millichap Real Estate Inv. Servs. Inc. v. Sekulovski*, 2010 WL 145785, at *9 (N.D. Ill. 2010) (allowing recovery for costs of pretrial hearing transcripts that "contained oral rulings of the court.").

### D. Costs for Daily Trial Transcripts ($14,217.25):

The Seventh Circuit Court of Appeals has "long recognized that [28 U.S.C. § 1920(2)] includes trial transcripts and transcripts from other court proceedings necessarily obtained for use in the case." *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000). Costs associated with daily trial transcripts are recoverable where, as here, the trial is lengthy and complex and where the prevailing party incorporated or referenced portions of those transcripts in its trial

5

pleadings. *Majeske*, 218 F.3d 825. Courts within this District have also noted that, "The additional cost of daily trial transcripts is reasonable and necessary when they are necessary for, among other things, direct and cross-examination of witnesses and to respond to the opposing party's motions." *Vigortone Ag Prods., Inc. v. PM Ag Prods., Inc.,* 2004 WL 1899882 at *5 (N.D. Ill. 2004).

The costs CSM incurred for copies of daily trial transcripts are taxable against Merix because CSM referenced those transcripts in its motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) (Doc. # 446) and will necessarily do so again in responding to Merix's recently-filed motion for relief from judgment and for sanctions pursuant to Fed. R. Civ. P. 59 and 60(b)(3) (Doc. # 464). CSM's counsel also used those daily trial transcripts in cross-examining Merix's witnesses at trial and in preparing direct examinations for witnesses CSM called during its case-in-chief. Given these uses, coupled with the length and complexity of the trial, the costs CSM incurred for daily trial transcripts are taxable against Merix.

### E. Costs for Photocopying and Imaging ($16,864.48):

"The expense of copying materials reasonably necessary for use in a case are recoverable costs under 28 U.S.C. § 1920(4)." *M.T. Bonk Co. v. Milton Bradley Co*., 945 F. 2d 1404, 1410 (7th Cir. 1991). Photocopying charges for discovery and court copies of documents are recoverable. *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000). Exemplification costs are also recoverable under 28 U.S.C. § 1920(4), and courts in this district have specifically permitted recovery for amounts paid to vendors for the preparation and duplication of trial exhibits. *Neuros Co., Ltd. v. Kturbo, Inc.*, 2011 WL 3841683, at *6 (N.D. Ill. 2011). Where, as here, the parties have agreed to produce documents electronically, costs incurred by the prevailing party for imaging and creating electronic versions of documents

exchanged by the parties in discovery are also taxable.[6] *Specht v. Google, Inc.*, 2011 WL 2565666, at *3 (N.D. Ill. 2011).

As detailed in the attached Itemization of Costs and supporting Affidavit, Exhibits A and B, CSM incurred significant costs throughout the course of this case for photocopying and creating electronic versions of documents that were exchanged by the parties during the course of discovery and submitted to the Court in connection with motion practice and trial. Such costs are taxable against Merix pursuant to 28 U.S.C. § 1920.

### F. Witness Fees and Travel and Lodging Expenses ($5,538.80):

"Collectively, 28 U.S.C. §§ 1821 and 1920(3) authorize the award of costs to reimburse [a prevailing party's] witnesses for their reasonable travel and lodging expenses." *Majeske v. City of Chicago*, 218 F.3d 816, 825-26, (7th Cir. 2000) citing *Chicago College of Osteopathic Med. v. George A. Fuller Co.,* 801 F.2d 908, 910 (7th Cir.1986). "Witness travel costs, whether they are expert or otherwise, are taxable under 28 U.S.C. § 1920 within the limits established in 28 U.S.C. § 1821." *Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, 2003 WL 1720066, at *9 (N.D. Ill. 2003).

28 U.S.C. § 1821(b) allows for an attendance fee of $45 per day for each day's attendance at trial or deposition, in addition to "attendance fee[s] for the time necessarily occupied in going to and returning from the place of attendance and the beginning and end of such attendance or at any time during such attendance." 28 U.S.C. § 1821(c)(1) allows for actual travel expenses via common carrier. 28 U.S.C. § 1821(d)(1) allows for a subsistence allowance to be paid to a witness when an overnight stay is required at the place of attendance. Sections 1821(d)(2) and

---

[6] Counsel for the parties agreed to electronic service of all discovery and pleadings in this case.

(3) limit the maximum per diem allowance to that prescribed by the Administrator of General Services, pursuant to 5 U.S.C. § 5702(a). In Chicago, that rate is $205 per day.

Where, as here, the prevailing party is a corporation, corporate officers may be "witnesses" pursuant to 28 U.S.C. § 1821 even though they are employed by the named party. See *Nat'l Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc*., 2004 WL 1557765, at *4 (N.D. Ill. 2004) citing *Smith Hotel Servs., Inc. v. Wendy's Int'l, Inc*., 25 F.3d 422, 429 (7th Cir. 1994). Three CSM employees traveled to Chicago to testify live at trial: Gerald Finken, Jennifer Lauinger and Angela Buchanan. These witnesses' travel and lodging expenses are therefore taxable against Merix. So too are the travel and lodging expenses incurred by CSM's expert, Maxine Fritz. See *Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, 2003 WL 1720066, at *9 (N.D. Ill. 2003)(travel and lodging expenses incurred by prevailing party's expert witnesses are taxable under 28 U.S.C. § 1920).

### G. Costs for Process Servers ($1,100.00):

A portion of the costs CSM paid to private process servers to effectuate service of subpoenas for purposes of discovery or trial are taxable against Merix. Although private process servers are not specifically allowed for under 28 U.S.C. § 1920, the Seventh Circuit has held that private process servers are taxable as costs under 28 U.S.C. § 1920(1), provided that their rates do not exceed what it would cost to have the U.S. Marshals effectuate service of process. *Vardon Golf Co., Inc. v. Karsten Mfg. Corp*., 2003 WL 1720066, at *8 (N.D. Ill. 2003) citing *Collins v. Gorman,* 96 F.3d 1057, 1060 (7th Cir.1996) ("[T]he prevailing party [can] recover service costs that do not exceed the marshal's fees, no matter who actually effected service."); *Hernandez-Martinez v. Chipotle Mexican Grill, Inc*., 2013 WL 2384251, at *2 (N.D. Ill. 2013). Currently, the fee for personal service by a U.S. Marshal's Service employee is $55 per hour,

plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Mileage is reimbursed at a rate of $0.565 per mile. 5 U.S.C. § 5704; 41 C.F.R. § 301-10.303.

As detailed in the attached Itemization of Costs and supporting Affidavit, Exhibits A and B, CSM incurred a total of $1,365.00 in costs from private process servers hired to effectuate service of deposition and document production subpoenas pursuant to Fed. R. Civ. P. 45. The related costs are therefore taxable against CSM, subject to certain deductions to assure that their rates do not exceed those charged by the U.S. Marshal's Service. Factoring in appropriate deductions, as detailed in Exhibit A, $1,100.00 of those costs are taxable against Merix.

        Respectfully submitted,

        SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.


        By: /s/ Adam Jagadich
          Jeffrey Singer (ARDC No. 2620510)
          jsinger@smsm.com
          Brian H. Eldridge (ARDC No. 6281336)
          beldridge@smsm.com
          Adam J. Jagadich (ARDC No. 6280278)
          ajagadich@smsm.com
          233 South Wacker Drive, Ste. 5500
          Chicago, Illinois 60606
          (312) 645-7800
          Attorneys for Defendant Clinical Supplies
          Management, Inc.